## UNITED STATES DISTRICT COURT FOR THE
## SOUTHERN DISTRICT OF NEW YORK

INTERTRADE FINANCE CORPORATION LIMITED

        Plaintiff(s)

-against-

KENNEDY FUNDING, INC.;
JEFFREY WOLFER; JOSEPH WOLFER;
KEVIN WOLFER; and GREGG WOLFER

        Defendant(s)

-against-

JOAN POWELL and
ERROL HANCHARD

        Third Party Defendants

CASE NO.: 08-CV-6756 (HB)

**ANSWER, COUNTERCLAIM,
AND THIRD PARTY
COMPLAINT**

The Defendants, Kennedy Funding, Inc., Jeffrey Wolfer, Kevin Wolfer, Joseph Wolfer, and Gregg Wolfer (hereinafter collectively "Defendants"), by way of Answer to Plaintiff's Complaint, says:

1.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph one (1) of Plaintiff's Complaint, and therefore deny the same.

2.    Defendants admit the allegations in paragraph two (2) of Plaintiff's Complaint.

3.    Defendants admit the allegations in paragraph three (3) of Plaintiff's Complaint.

1

4.    Defendants admit the allegations in paragraph four (4) of Plaintiff's Complaint.

5.    Defendants admit the allegations in paragraph five (5) of Plaintiff's Complaint.

6.    Defendants deny the allegations in paragraph six (6) of Plaintiff's Complaint, except Defendants admit that Joseph Wolfer is the founder of Kennedy Funding, Inc.

7.    Defendants deny the allegations in paragraph seven (7) of Plaintiff's Complaint.

8.    Defendants deny the allegations in paragraph eight (8) of Plaintiff's Complaint.

9.    Defendants admit the allegations in paragraph nine (9) of Plaintiff's Complaint.

10.    Defendants admit the allegations in paragraph ten (10) of Plaintiff's Complaint.

11.    Defendants admit the allegations in paragraph eleven (11) of Plaintiff's Complaint.

12.    Defendants admit the allegations in paragraph twelve (12) of Plaintiff's Complaint.

13.    Defendants admit the allegations in paragraph thirteen (13) of Plaintiff's Complaint.

14.    Defendants admit the allegations in paragraph fourteen (14) of Plaintiff's Complaint.

15. The statement in paragraph fifteen (15) constitutes a statement of Plaintiff's motive, to which no response is required and to which no response is provided.

16. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph sixteen (16) of Plaintiff's Complaint, except Defendants admit the amount of the claim made by the Plaintiff is in excess of $75,000.00.

17. Defendants deny the allegations in paragraph seventeen (17) of Plaintiff's Complaint, except Defendants admit that Kennedy Funding, Inc. (hereinafter "Kennedy") is engaged in the business of commercial real estate lending and maintains a website at www.kennedyfunding.com.

18. Defendants deny the allegations in paragraph eighteen (18) of Plaintiff's Complaint, except Defendants admit that Kennedy maintains a website, the terms of which speak for themselves and provide the best evidence of its content.

19. Defendants deny the allegations in paragraph nineteen (19) of Plaintiff's Complaint, except Defendants admit that Kennedy maintains a website, the terms of which speak for themselves and provide the best evidence of its content.

20. Defendants deny the allegations in paragraph twenty (20) of Plaintiff's Complaint, except Defendants admit that Kennedy maintains a website, the terms of which speak for themselves and provide the best evidence of its content.

21. Defendants deny the allegations in paragraph twenty one (21) of Plaintiff's Complaint, except Defendants admit that Kennedy maintains a website, the terms of which speak for themselves and provide the best evidence of its content.

22. Defendants deny the allegations in paragraph twenty two (22) of Plaintiff's Complaint, except Defendants admit that Kennedy maintains a website, the

terms of which speak for themselves and provide the best evidence of its content.

23. Defendants deny the allegations in paragraph twenty three (23) of Plaintiff's Complaint, except Defendants admit that Kennedy is experienced in the area of commercial real estate lending.

24. Defendants deny the allegations in paragraph twenty four (24) of Plaintiff's Complaint, except Defendants admit that Kennedy Funding, Inc. is experienced in the area of commercial real estate lending.

25. Defendants deny the allegations in paragraph twenty five (25) of Plaintiff's Complaint, except Defendants admit that Kennedy maintains a website, the terms of which speak for themselves and provide the best evidence of its content.

26. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph twenty six (26) of Plaintiff's Complaint, and therefore deny same.

27. Defendants deny the allegations in paragraph twenty seven (27) of Plaintiff's Complaint, except Defendants admit that Plaintiff sough to obtain a loan from Kennedy.

28. Defendants deny the allegations in paragraph twenty eight (28) of Plaintiff's Complaint, except Defendants admit that Plaintiff sough to obtain a loan from Kennedy.

29. Defendants deny the allegations in paragraph twenty nine (29) of Plaintiff's Complaint, except Defendants admit that Plaintiff contacted Kennedy looking for financing in February 2006.

30. Defendants deny the allegations in paragraph thirty (30) of Plaintiff's Complaint, except Defendants admit that the Loan Commitment and the Modification

4

Letter are documents the terms of which speak for themselves and provide the best evidence of their content.

31. Defendants deny the allegations in paragraph thirty one (31) of Plaintiff's Complaint, except Defendants admit that the Loan Commitment and Letter of Interest are documents the terms of which speak for themselves and provide the best evidence of their content.

32. Defendants deny the allegations in paragraph thirty two (32) of Plaintiff's Complaint, except Defendants admit that the Loan Commitment is a document the terms of which speak for itself and provides the best evidence of its content.

33. Defendants deny the allegations in paragraph thirty three (33) of Plaintiff's Complaint, except Defendants admit that upon receipt of the signed Loan Commitment and the initial portion of the commitment fee Kennedy commenced performance of its obligations under the terms of the Loan Commitment.

34. Defendants deny the allegations in paragraph thirty four (34) of Plaintiff's Complaint, except Defendants admit that Plaintiff offered as collateral for the loan approximately 500 acres as more particularly described in Schedule C of the Loan Commitment and that Kennedy utilized the services of CB Richard Ellis to evaluate the property in accordance with the terms of the Loan Commitment.

35. Defendants deny the allegations in paragraph thirty five (35) of Plaintiff's Complaint, except Defendants admit that the appraisal of CB Richard Ellis and the appraisal of JN Real Estate Company Ltd. are documents the terms of which speak for themselves and provide the best evidence of their content.

36. Defendants deny the allegations in paragraph thirty six (36) of Plaintiff's Complaint, except Defendants admit that Kennedy's letter of September 8, 2006 is a

document the terms of which speak for itself and provides the best evidence of its content.

37.    Defendants deny the allegations in paragraph thirty seven (37) of Plaintiff's Complaint, except Defendants admit that Kennedy's letter of September 8, 2006 is a document the terms of which speak for itself and provides the best evidence of its content.

38.    Defendants deny the allegations in paragraph thirty eight (38) of Plaintiff's Complaint, except Defendants admit that Kennedy's letter of September 8, 2006 is a document the terms of which speak for itself and provides the best evidence of its content.

39.    Defendants deny the allegations in paragraph thirty nine (39) of Plaintiff's Complaint, except Defendants admit that the Loan Offer was approximately $8,000,000.00 short of the financing request.

40.    Defendants deny the allegations in paragraph forty (40) of Plaintiff's Complaint, except Defendants admit that Borrower's attorney indicated that his client wished to have Kennedy consider additional collateral in an effort to increase the loan amount.

41.    Defendants deny the allegations in paragraph forty one (41) of Plaintiff's Complaint.

42.    Defendants deny the allegations in paragraph forty two (42) of Plaintiff's Complaint.

43.    Defendants admit the allegations in paragraph forty three (43) of Plaintiff's Complaint.

44.    Defendants deny the allegations in paragraph forty four (44) of Plaintiff's

Complaint, except Defendants admit that the Loan Commitment is a document the terms of which speak for itself and provides the best evidence of its content.

45.    Defendants deny the allegations in paragraph forty four (44) of Plaintiff's Complaint, except Defendants admit that the Loan Commitment is a document the terms of which speak for itself and provides the best evidence of its content and Plaintiff never elected to proceed with the third party appraisal.

46.    Defendants deny the allegations in paragraph forty six (46) of Plaintiff's Complaint, except Defendants admit that the Loan Commitment is a document the terms of which speak for itself and provides the best evidence of its content and the Loan Commitment was never modified to include any additional Collateral.

47.    Defendants deny the allegations in paragraph forty seven (47) of Plaintiff's Complaint, except Defendants admit that Plaintiff made a demand for a return of the fees paid.

48.    Defendants deny the allegations in paragraph forty eight (48) of Plaintiff's Complaint, except Kennedy admits that it has not returned the paid portion of the commitment fee or the Letter of Interest fee.

49.    Defendants deny the allegations in paragraph forty nine (49) of Plaintiff's Complaint, except Kennedy did not formally declare the Plaintiff to be in breach despite the fact that Plaintiff failed to pay the balance of the commitment fee.

50.    Defendants deny the allegations in paragraph fifty (50) of Plaintiff's Complaint, except Defendants admit the $300,000.00 paid has been retained.

51.    Defendants deny the allegations in paragraph fifty one (51) of Plaintiff's Complaint, except Defendants admit that the Loan Commitment is a document the terms of which speak for itself and provides the best evidence of its content.

7

52. Defendants deny the allegations in paragraph fifty two (52) of Plaintiff's Complaint, except Defendants admit that as of September 16, 2006 Plaintiff had not accepted the Loan Offer nor had Plaintiff provided the documentation and other items necessary to close the loan by the time of the essence closing date.

53. Defendants deny the allegations in paragraph fifty three (53) of Plaintiff's Complaint.

54. Defendants deny the allegations in paragraph fifty four (54) of Plaintiff's Complaint.

55. The allegations contained in paragraph fifty five (55) constitute a legal conclusion; Defendants deny same and leave Plaintiff to its proofs.

56. Defendants deny the allegations in paragraph fifty six (56) of Plaintiff's Complaint, except Defendants admit that the Loan Commitment is a document the terms of which speak for itself and provides the best evidence of its content.

57. Defendants deny the allegations in paragraph fifty seven (57) of Plaintiff's Complaint, except Defendants admit that the Loan Commitment is a document the terms of which speak for itself and provides the best evidence of its content.

58. Defendants deny the allegations in paragraph fifty eight (58) of Plaintiff's Complaint.

59. Defendants deny the allegations in paragraph fifty nine (59) of Plaintiff's Complaint.

60. Defendants deny the allegations in paragraph sixty (60) of Plaintiff's Complaint, except Kennedy admits that it has executed Loan Commitments with other potential Borrowers.

61. Defendants deny the allegations in paragraph sixty one (61) of Plaintiff's

Complaint, except Defendants admit that Harbor Place of Desdin, Inc., Lion's Gate Development, Inc., Omni Credit Alliance, Inc. and Kimball Management, LLC have executed Loan Commitments with Kennedy.

62. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph sixty two (62) of Plaintiff's Complaint, and therefore deny same.

63. Defendants deny the allegations in paragraph sixty three (63) of Plaintiff's Complaint, except Defendants admit that the financing request in the Loan Commitment with Harbor Place was $70,000,000.00.

64. Defendants deny the allegations in paragraph sixty four (64) of Plaintiff's Complaint, except Defendants admit that the Loan Commitment with Harbor Place is a document the terms of which speak for itself and provides the best evidence of its content.

65. Defendants deny the allegations in paragraph sixty five (65) of Plaintiff's Complaint, except Defendants admit that the Loan Commitment with Harbor Place is a document the terms of which speak for itself and provides the best evidence of its content.

66. Defendants deny the allegations in paragraph sixty six (66) of Plaintiff's Complaint, except Defendants admit that the Loan Commitment with Harbor Place is a document the terms of which speak for itself and provides the best evidence of its content.

67. Defendants deny the allegations in paragraph sixty seven (67) of Plaintiff's Complaint, except Defendants admit that Harbor Place had not provided the documentation necessary to close the loan.

68. Defendants deny the allegations in paragraph sixty eight (68) of Plaintiff's Complaint, except Defendants admit that Harbor Place did not close the loan.

69. Defendants deny the allegations in paragraph sixty nine (69) of Plaintiff's Complaint, except Defendants admit that the loan process never proceeded to a point where a date for funding of the loan was set.

70. Defendants deny the allegations in paragraph seventy (70) of Plaintiff's Complaint. Answering further, the paragraph constitutes a legal conclusion and, as such, Kennedy denies same.

71. Defendants deny the allegations in paragraph seventy one (71) of Plaintiff's Complaint.

72. Defendants deny the allegations in paragraph seventy two (72) of Plaintiff's Complaint.

73. Defendants deny the allegations in paragraph seventy three (73) of Plaintiff's Complaint, except Defendants admit that Kennedy executed a Loan Commitment with Lion's Gate Development, LLC (hereinafter "Lion's Gate").

74. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph seventy four (74) of Plaintiff's Complaint, as therefore deny same.

75. Defendants deny the allegations in paragraph seventy five (75) of Plaintiff's Complaint, except Defendants admit that Lion's Gate's financing request was $18,200,000.00.

76. Defendants deny the allegations in paragraph seventy six (76) of Plaintiff's Complaint, except Defendants admit that a Loan Commitment dated August 10, 2005 was executed by Kennedy and Lion's Gate.

10

77. Defendants deny the allegations in paragraph seventy seven (77) of Plaintiff's Complaint, except Defendants admit that Lion's Gate paid the commitment fee to the law firm of Cole, Schotz, Meisel, Forman & Leonard in accordance with the terms of the Loan Commitment.

78. Defendants deny the allegations in paragraph seventy eight (78) of Plaintiff's Complaint, except Defendants admit that the Loan Commitment is a document the terms of which speak for itself and provides the best evidence of its content.

79. Defendants deny the allegations in paragraph seventy nine (79) of Plaintiff's Complaint, except Defendants admit that Lion's Gate was unwilling or unable to explain a series of assignments of the Contract of Sale which resulted in an increase in the purchase price of the collateral.

80. Defendants deny the allegations in paragraph eighty (80) of Plaintiff's Complaint, except Defendants admit that the loan did not close.

81. Defendants deny the allegations in paragraph eighty one (81) of Plaintiff's Complaint, except Defendants admit as a result of Plaintiff's attempted fraud, the closing did not occur and the funds were not assembled.

82. Defendants deny the allegations in paragraph eighty two (82) of Plaintiff's Complaint.

83. Defendants deny the allegations in paragraph eighty three (83) of Plaintiff's Complaint. Answering further, the paragraph constitutes a legal conclusion and, as such, Defendants deny same.

84. Defendants deny the allegations in paragraph eighty four (84) of Plaintiff's Complaint.

85. Defendants deny the allegations in paragraph eighty five (85) of Plaintiff's

11

Complaint, except Defendants admit that Kennedy and Omni Credit Alliance, LLC (hereinafter "Omni Credit") executed a Loan Commitment.

86.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph eighty six (86) of Plaintiff's Complaint, and therefore deny the same.

87.    Defendants deny the allegations in paragraph eighty seven (87) of Plaintiff's Complaint, except Defendants admit that the financing request was $125,000,000.00.

88.    Defendants deny the allegations in paragraph eighty eight (88) of Plaintiff's Complaint, except Defendants admit that Kennedy and Omni Credit executed a Loan Commitment dated November 15, 2002.

89.    Defendants deny the allegations in paragraph eighty nine (89) of Plaintiff's Complaint, except Defendants admit that Omni Credit paid to Kennedy $250,000.00 in accordance with the terms of the Loan Commitment.

90.    Defendants deny the allegations in paragraph ninety (90) of Plaintiff's Complaint, except Defendants admit that Omni Credit paid $10,000.000 to Kennedy representing the fee required by the terms of the Letter of Interest.

91.    Defendants deny the allegations in paragraph ninety one (91) of Plaintiff's Complaint, except Defendants admit that the Loan Commitment is a document the terms of which speak for itself and provides the best evidence of its content.

92.    Defendants deny the allegations in paragraph ninety two (92) of Plaintiff's Complaint.

93.    Defendants deny the allegations in paragraph ninety three (93) of Plaintiff's Complaint, except Defendants admit that the proposed loan with Omni Credit

did not close and Kennedy retained the initial portion of the commitment fee and the Letter of Interest fee.

94. Defendants deny the allegations in paragraph ninety four (94) of Plaintiff's Complaint, except Defendants admit that as a result of Omni Credit failing to comply with its obligations under the terms of the Loan Commitment, Kennedy did not assemble the funds necessary to close.

95. Defendants deny the allegations in paragraph ninety five (95) of Plaintiff's Complaint. Answering further, the paragraph constitutes a legal conclusion and, as such, Defendants deny same.

96. Defendants deny the allegations in paragraph ninety six (96) of Plaintiff's Complaint.

97. Defendants deny the allegations in paragraph ninety seven (97) of Plaintiff's Complaint.

98. Defendants deny the allegations in paragraph ninety eight (98) of Plaintiff's Complaint, except Defendants admit that Kennedy and Kimball Management, LLC (hereinafter "Kimball") executed a Loan Commitment.

99. Defendants deny the allegations in paragraph ninety nine (99) of Plaintiff's Complaint, except Defendants admit that the financing request by Kimball was $9,000,000.00.

100. Defendants deny the allegations in paragraph one hundred (100) of Plaintiff's Complaint, except Defendants admit that Kennedy received a signed copy of the Loan Commitment from Kimball along with the initial portion of the commitment fee due.

101. Defendants deny the allegations in paragraph one hundred one (101) of

13

Plaintiff's Complaint, except Defendants admit that the funds referred to in the preceding paragraph were paid in accordance with the terms of the Loan Commitment and Letter of Interest.

102.    Defendants deny the allegations in paragraph one hundred two (102) of Plaintiff's Complaint, except Defendants admit that the Loan Commitment is a document the terms of which speak for itself and provides the best evidence of its content.

103.    Defendants deny the allegations in paragraph one hundred three (103) of Plaintiff's Complaint, except Defendants admit that the Kennedy did not perform any of its obligations under the terms of the Loan Commitment until the Loan Commitment was executed and the initial portion of the commitment fee was paid.

104.    Defendants admit deny the allegations in paragraph one hundred four (104) of Plaintiff's Complaint.

105.    Defendants deny the allegations in paragraph one hundred five (105) of Plaintiff's Complaint, except Defendants admit that Bernard Volpe is not an MAI appraiser.

106.    Defendants deny the allegations in paragraph one hundred six (106) of Plaintiff's Complaint.

107.    Defendants deny the allegations in paragraph one hundred seven (107) of Plaintiff's Complaint, except Defendants admit that the Volpe, Inc. evaluation is a document the terms of which speak for itself and provides the best evidence of its content.

108.    Defendants deny the allegations in paragraph one hundred eight (108) of Plaintiff's Complaint, except Defendants admit that the letter of November 23, 2004 is a document the terms of which speak for itself and provides the best evidence of its

14

content.

109.    Defendants deny the allegations in paragraph one hundred nine (109) of Plaintiff's Complaint, except Defendants admit that the letter of November 23, 2004 is a document the terms of which speak for itself and provides the best evidence of its content.

110.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph one hundred ten (110) of Plaintiff's Complaint, and therefore deny the same.

111.    Defendants deny the allegations in paragraph one hundred eleven (111) of Plaintiff's Complaint, except Defendants admit that Kimball and Kennedy explored options with which to increase the loan amount.

112.    Defendants deny the allegations in paragraph one hundred twelve (112) of Plaintiff's Complaint, except Defendants admit that the letter of December 3, 20055 is a document the terms of which speak for itself and provides the best evidence of its content.

113.    Defendants deny the allegations in paragraph one hundred thirteen (113) of Plaintiff's Complaint, except Defendants admit that Kimball did not proceed to a closing on the Loan Offer made in accordance with the terms of the Loan Commitment.

114.    Defendants deny the allegations in paragraph one hundred fourteen (114) of Plaintiff's Complaint, except Defendants admit that Kimball did not proceed to a loan closing and, as such, no funds were assembled for the purpose of closing the loan.

115.    Defendants deny the allegations in paragraph one hundred fifteen (115) of Plaintiff's Complaint.

## COUNT ONE
### (Racketeer Influenced Corrupt Organization Act)

116.    Defendants repeat and reallege each of the answers set forth hereinabove as if set forth at length herein.

117.    Defendants neither admit nor deny the allegations in paragraph one hundred seventeen (117) of Plaintiff's Complaint since the statement constitutes a statement of a statute to which no response is required and to which no response is provided.

118.    Defendants deny the allegations in paragraph one hundred eighteen (118) of Plaintiff's Complaint.

119.    Defendants deny the allegations in paragraph one hundred nineteen (119) of Plaintiff's Complaint.

120.    Defendants deny the allegations in paragraph one hundred twenty (120) of Plaintiff's Complaint.

121.    Defendants deny the allegations in paragraph one hundred twenty one (121) of Plaintiff's Complaint.

122.    Defendants deny the allegations in paragraph one hundred twenty two (122) of Plaintiff's Complaint.

123.    Defendants neither admit nor deny the allegations in paragraph one hundred twenty three (123) of Plaintiff's Complaint since the statement constitutes a statement of a statute to which no response is required and to which no response if provided.

124.    Defendants deny the allegations in paragraph one hundred twenty four (124) of Plaintiff's Complaint, except Defendants admit that the Loan Commitment is a

16

document the terms of which speak for itself and provides the best evidence of its content.

125. Defendants deny the allegations in paragraph one hundred twenty five (125) of Plaintiff's Complaint, except Defendants admit that the Loan Commitment is a document the terms of which speak for itself and provides the best evidence of its content.

126. Defendants deny the allegations in paragraph one hundred twenty six (126) of Plaintiff's Complaint

127. Defendants deny the allegations in paragraph one hundred twenty seven (127) of Plaintiff's Complaint.

128. Defendants deny the allegations in paragraph one hundred twenty eight (128) of Plaintiff's Complaint.

129. Defendants deny the allegations in paragraph one hundred twenty nine (129) of Plaintiff's Complaint.

130. Defendants deny the allegations in paragraph one hundred thirty (130) of Plaintiff's Complaint.

131. Defendants deny the allegations in paragraph one hundred thirty one (131) of Plaintiff's Complaint.

132. Defendants deny the allegations in paragraph one hundred thirty two (1332) of Plaintiff's Complaint.

**COUNT TWO**
**(Breach of Contract)**

17

133.    Defendants repeat and reallege each of the answers set forth hereinabove as if set forth at length herein.

134.    Defendants deny the allegations in paragraph one hundred thirty four (134) of Plaintiff's Complaint, except Defendants admit that the Letter of Interest and Loan Commitment are documents the terms of which speak for themselves and provide the best evidence of their content.

135.    Defendants deny the allegations in paragraph one hundred thirty five (135) of Plaintiff's Complaint.

136.    Defendants deny the allegations in paragraph one hundred thirty six (136) of Plaintiff's Complaint.

137.    Defendants deny the allegations in paragraph one hundred thirty seven (137) of Plaintiff's Complaint.

138.    Defendants deny the allegations in paragraph one hundred thirty eight (138) of Plaintiff's Complaint.

139.    Defendants deny the allegations in paragraph one hundred thirty nine (139) of Plaintiff's Complaint.


**COUNT THREE**
**(Beach of the Covenant of Good Faith and Fair Dealing)**

140.    Defendants repeat and reallege each of the answers set forth hereinabove as if set forth at length herein.

141.    Defendants deny the allegations in paragraph one hundred forty one (141) of Plaintiff's Complaint, except Defendants admit that the Loan Commitment is a document the terms of which speak for itself and provides the best evidence of its

content.

142.    Defendants deny the allegations in paragraph one hundred forty two (142) of Plaintiff's Complaint.

143.    Defendants deny the allegations in paragraph one hundred forty three (143) of Plaintiff's Complaint.

144.    Defendants deny the allegations in paragraph one hundred forty four (144) of Plaintiff's Complaint.

## COUNT FOUR
### (Common Law Fraud)

145.    Defendants repeat and reallege each of the answers set forth hereinabove as if set forth at length herein.

146.    Defendants deny the allegations in paragraph one hundred forty six (146) of Plaintiff's Complaint, except Defendants admit that the Letter of Interest and Loan Commitment are documents the terms of which speak for themselves and provide the best evidence of their content.

147.    Defendants deny the allegations in paragraph one hundred forty seven (147) of Plaintiff's Complaint.

148.    Defendants deny the allegations in paragraph one hundred forty eight (148) of Plaintiff's Complaint, except Defendants admit that the Loan Commitment is a document the terms of which speaks for itself and provides the best evidence of its content.

149.    Defendants deny the allegations in paragraph one hundred forty nine (149) of Plaintiff's Complaint, except Defendants admit that the Loan Commitment is a document the terms of which speak for itself and provides the best evidence of its

content.

150.    Defendants deny the allegations in paragraph one hundred fifty (150) of Plaintiff's Complaint, except Defendants admit that the Loan Commitment is a document the terms of which speak for itself and provides the best evidence of its content.

151.    Defendants deny the allegations in paragraph one hundred fifty one (151) of Plaintiff's Complaint.

152.    Defendants deny the allegations in paragraph one hundred fifty two (152) of Plaintiff's Complaint.

153.    Defendants deny the allegations in paragraph one hundred fifty three (153) of Plaintiff's Complaint.

154.    Defendants deny the allegations in paragraph one hundred fifty four (154) of Plaintiff's Complaint.

155.    Defendants deny the allegations in paragraph one hundred fifty five (155) of Plaintiff's Complaint.

156.    Defendants deny the allegations in paragraph one hundred fifty six (156) of Plaintiff's Complaint.

157.    Defendants deny the allegations in paragraph one hundred fifty seven (157) of Plaintiff's Complaint.

158.    Defendants deny the allegations in paragraph one hundred fifty eight (158) of Plaintiff's Complaint.


**COUNT FIVE**
**(Unjust Enrichment)**

159.    Defendants repeat and reallege each of the answers set forth hereinabove as if set forth at length herein.

160.    Defendants deny the allegations in paragraph one hundred sixty (160) of Plaintiff's Complaint.

161.    Defendants deny the allegations in paragraph one hundred sixty one (161) of Plaintiff's Complaint.

162.    Defendants deny the allegations in paragraph one hundred sixty two (162) of Plaintiff's Complaint.

**WHEREFORE**, Defendants demand judgment dismissing the Complaint against them, together with costs of suit and such other and further relief as the Court deems appropriate and just.

## AFFIRMATIVE DEFENSES

1.    Each count of the Complaint directed against the Defendants fails to state a claim upon which relief may be granted.

2.    Plaintiff's claims are barred by the doctrine of estoppel.

3.    Plaintiff's claims are barred by the doctrine of waiver.

4.    Plaintiff's claims are barred by the statute of frauds.

5.    Plaintiff's claims are barred by the doctrine of unclean hands.

6.    Plaintiff's claims fail to state a claim for attorneys' fees.

7.    Plaintiff has failed to allege with particularity any alleged fraud against any of the Defendants.

8.    Plaintiff's claims are barred, in whole or in part, because Plaintiff failed to comply with its obligations under the Loan Commitment.

WHEREFORE, Defendants demand judgment dismissing the Complaint against them, together with costs of suit and such other and further relief as the Court deems appropriate and just.

JORDAN B. DEFLORA, ESQ.
Attorney for the Defendants

By: _____
Jordan B. DeFlora, Esq. (JD 9680)
Two University Plaza, Suite 402
Hackensack, New Jersey 07601
(201) 488-6100

Dated: April 15, 2010

## COUNTERCLAIM AND THIRD PARTY COMPLAINT

Defendant, Kennedy Funding, Inc. ("Kennedy"), with its principal place of business located at Two University Plaza, Suite 402, Hackensack, New Jersey 07601, by way of counterclaim against Plaintiff and third party complaint against Joan Powell and Errol Hanchard, hereby says as follows:

1.      Kennedy is a commercial Lender having its principal place of business at Two University Plaza, Suite 402, Hackensack, New Jersey 07601.

2.      Intertrade Investments Limited (hereinafter "Intertrade") is an entity purporting to have an address at 23 Barbados Avenue, PO Box 533, Kingston 5, Jamaica, W.I.

3.      Joan Powell (hereinafter Powell") is a President of Intertrade having an address at 35A Cherry Drive, Kingston 8, Jamaica and is a Guarantor.

4.      Errol Hanchard (hereinafter "Hanchard") having an address at 20 Westwood Drive, Apt. 30, Westbury, New York 11590 is a Guarantor.

22

5.    On or about July 28, 2006, Intertrade as Borrower, Powell and Hanchard, individually and as Guarantors, and Kennedy, as Lender, executed a certain Loan Commitment.

6.    Pursuant to the terms of the Loan Commitment, Kennedy was to receive a commitment fee in the sum of $575,000.00.

7.    In accordance with the terms of the Loan Commitment, and in consideration of Intertrade agreeing to the choice of forum clause, waiver of trial by jury clause, and limitation of damages clause, among other things, Kennedy agreed to accept the following: $150,000.00 upon signing of the Loan Commitment; $150,000.00 to be paid on or about August 4, 2006; and $275,000.00 to be paid upon closing, or the Borrowers' electing not to proceed to a closing, or upon the Borrowers' default.

8.    In accordance with the terms of the Loan Commitment, Kennedy received the sum of $150,000.00 on July 25, 2006.

9.    In accordance with the terms of the Loan Commitment, Kennedy received the sum of $150,000.00 on August 8, 2006.

10.    On or about August 14, 2006, the Loan Commitment was modified, among other things, to extend the time of the essence closing date to September 15, 2006.

11.    On September 8, 2006, Kennedy provided Intertrade with a Loan Offer in the amount of $12,096,000.00 with an initial advance of $2,596,000.00.

12.    On September 21, 2006, after the expiration of the Loan Commitment, counsel for Intertrade provided a letter indicating that Intertrade accepted the Loan Offer, however, that the acceptance was conditioned upon the ability of Intertrade to utilize the Completion Reserve for projects other than the improvement of the collateral as contemplated in the Loan Commitment.

23

13.     On September 25, 2006, Kennedy wrote Joseph Fleming, Esq. and advised that the acceptance of the Loan Offer could only be based upon the agreed upon terms and conditions in the Loan Commitment.

14.     On September 27, 2006, Mr. Fleming acknowledged that his client accepted the Loan Offer without conditions and wished to proceed in accordance with the terms of the Loan Commitment.

15.     After receipt of the unqualified acceptance of the Loan Offer, Kennedy forwarded a second letter to Mr. Fleming on September 27, 2006 acknowledging the acceptance, notifying Intertrade that Kennedy would be using the law firm of Cole, Schotz, Meisel, Forman, and Leonard to conduct the loan closing notifying them that Kennedy providing wire instructions for the $10,000.00 to be paid to the law firm as agreed in the Loan Commitment.  The letter also proposed an extension of the Loan Commitment to October 11, 2006.

16.     Upon information and belief, Intertrade refused and neglected to execute the letter modification extending the Loan Commitment, failed to provide the law firm of Cole, Schotz, Meisel, Forman & Leonard with the $10,000.00 necessary to prepare the documents in accordance with the terms of the Loan Commitment, and otherwise failed to provide the documentation necessary to close the loan.

17.     As a result of Intertrade's actions/inactions, the loan did not close.

18.     In accordance with the terms of the Loan Commitment, upon Intertrade electing not to proceed to a loan closing, the balance of the commitment fee in the sum of $275,000.00 became due and payable.

19.     Said sum has not been paid.

**WHEREFORE**, Kennedy demands judgment, jointly and severally, against

24

Intertrade, Powell and Hanchard, in the sum of $275,000.00, together with costs of suit and such other and further relief as the Court may deem appropriate and just.

JORDAN B. DEFLORA, ESQ.
Attorney for the Defendants

By: _____
Jordan B. DeFlora, Esq. (JD 9680)
Two University Plaza, Suite 402
Hackensack, New Jersey 07601
(201) 488-6100

Dated:  April 15, 2010