```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------------------x
INTERTRADE FINANCE CORPORATION,                :
LIMITED                                        :
                                               :
                        Plaintiff,             :
        -against-                              :    08 CIV. 6756 (HB)
                                               :    OPINION & ORDER
KENNEDY FUNDING, INC., JEFFREY WOLFER,         :
JOSEPH WOLFER, KEVIN WOLFER, and GREGG         :
WOLFER                                         :
                                               :
                        Defendants.            :
------------------------------------------------------------------------------------x
```

**Hon. Harold Baer, Jr., U.S.D.J.:**

      This is an action to recover a commitment fee allegedly paid by Plaintiff Intertrade Finance Corporation Limited ("Intertrade") to Defendants Kennedy Funding, Inc. ("KFI"), Jeffrey Wolfer, Joseph Wolfer, Kevin Wolfer, and Gregg Wolfer in exchange for Defendants' commitment to provide Plaintiff with financing for a business venture in Jamaica.  Before the Court is Defendants' motion to dismiss for improper venue.  For the reasons that follow, the motion is granted and the Complaint dismissed.

## I.  BACKGROUND

      Plaintiff filed its Complaint in this action on July 29, 2008, alleging civil claims pursuant to the RICO statute, breach of contract, breach of the covenant of good faith and fair dealing, fraud, and unjust enrichment.  The 120-day time limit for service pursuant to Federal Rule of Civil Procedure 4(m) expired, and the Court eventually inquired as to whether the Plaintiff planned to prosecute the action.  On February 24, 2010, Plaintiff filed an affidavit of service reflecting service on February 3, 2010 upon Defendants.  The affidavit of service was not filed until the day that Defendants' time to answer or otherwise respond to the Complaint would lapse; Defendants nevertheless timely filed their motion to dismiss on February 24, 2010.  Plaintiff received several extensions of time to file its opposition to Defendants' motion; although the papers were eventually delivered to Defendants' counsel, Plaintiff never managed to electronically file its

Opposition on this Court's ECF system.[1]  Defendants filed their Reply via ECF on May 20, 2010; a courtesy copy of the fully-briefed motion was delivered to Chambers on June 24, 2010.

## II. DISCUSSION

Defendants move to dismiss on the basis that this Court must enforce a forum selection clause contained in a Loan Commitment agreement that the parties entered into on July 28, 2006.[2]  See Compl. ¶ 30; Ex. A to Compl. (the "Loan Commitment").  The agreement provides, in boldface type and in all capital letters, "Miscellaneous: Borrower understands that KFI cannot and would not enter into this commitment without borrower's agreement to the limitation of damages, *choice of forum*, and waiver of trial by jury clauses contained herein."  Loan Commitment at 7 (emphasis added).  The forum selection clause itself, contained in Schedule B to the Loan Commitment, provides, "Borrower and Guarantor(s) consent to the jurisdiction of any state or federal court sitting in the State of New Jersey for adjudication of any dispute between the Borrower and Gurantor(s), their agents, servants, and/or employees and KFI under any theory of law in connection with, out of, or otherwise relating to this Commitment and any related transactions and that venue shall be proper in any such court to the exclusion of the courts in any other state or country."  Id. at 14.

---

[1] See S.D.N.Y. Electronic Case Filing Rule 1.1.  "Except as expressly provided and in exceptional circumstances preventing a Filing User from filing electronically, all petitions, motions, memoranda of law, or other pleadings and documents required to be filed with the Court in a case assigned to the ECF system must be filed electronically."

[2] Defendants do not cite a specific procedural mechanism pursuant to which they seek to enforce the forum selection clause and dismiss the Complaint.  There is a split of authority in the Second Circuit regarding the appropriate procedural mechanism in a case like this.  See Bluefire Wireless, Inc. v. Cloud9 Mobile Communications, Ltd., 2009 WL 4907060 at *1, FN 2 (S.D.N.Y. Dec. 21, 2009) (HB); Cfirstclass v. Silverjet PLC, 560 F.Supp.2d 324, 327 (S.D.N.Y. 2008) (SHS) ("Decisions variously suggest that the proper vehicle would be (1) a motion to dismiss for lack of subject-matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1); (2) a motion to dismiss for improper venue pursuant to Rule 12(b)(3); and (3) a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6)").  Here, Defendants expressly concede that venue would be proper in either state or federal court in New Jersey; therefore, I construe Defendants' motion as one seeking to dismiss for improper venue pursuant to Rule 12(b)(3).

To determine whether to dismiss claims based on a forum selection clause, the Court must undertake a four-part inquiry.  See Phillips v. Audio Active Ltd., 494 F.3d 378, 383 (2d Cir. 2007).  First, the moving party must show (1) the clause was reasonably communicated to the party resisting enforcement; (2) the clause is mandatory and not permissive; and (3) the claims and parties in the suit are subject to the forum selection clause.  Id.  If these three elements are established, the forum selection clause is presumptively enforceable and the burden shifts to the non-moving party to rebut the presumption of enforceability "by making a sufficiently strong showing that 'enforcement would be unreasonable or unjust, or that the clause was invalid for such reasons as fraud or overreaching."  Id., citing M/S Bremen v. Zapata Off-Shore Co., 407 U.S. 1, 15 (1972).

(1) *Reasonable Communication*.  Here, the forum selection clause was reasonably communicated to Plaintiff, the party resisting enforcement.  Joan Powell, the President and CEO of Intertrade, signed the Loan Commitment that contained the "miscellaneous" clause that highlighted the importance of the choice of forum; Powell again signed her name to Schedule B, which contained the actual forum selection clause specifying New Jersey as the chosen forum.  In fact, Plaintiff concedes that the clause was reasonably communicated.  See Pl. Br. 8.

(2) *Mandatory or Permissive.*   This step requires that the court determine whether the parties are *required* to bring any dispute to the designated forum, or simply permitted to do so.  John Boutari & Son, Wines & Spirits, S.A. v. Attiki Imps. & Distribs., Inc., 22 F.3d 51, 53 (2d Cir. 1994).  "Obligatory venue language suffices to give mandatory force to a forum selection clause."  Phillips, 494 F.3d at 387.  The forum selection clause in the Loan Commitment confers exclusive jurisdiction on courts located in New Jersey when it provides, "venue *shall* be proper in any such court to the exclusion of the courts in any other state or country."  Loan Commitment at 14 (emphasis added).  Therefore, the forum selection clause is mandatory.

(3)  *Whether the Parties Are Subject to the Forum Selection Clause*.  The scope of a forum selection clause is not limited solely to claims for breach of the contract that contains it.  Roby v. Corp. of Lloyd's, 996 F.2d 1353, 1361 (2d Cir. 1993). Whether a forum selection clause encompasses other claims depends principally on how broadly the

3

clause is worded. A forum selection clause covers non-contractual claims if they "grow out of the contractual relationship, or if the gist of those claims is a breach of that relationship." Cfirstclass, 560 F.Supp.2d at 329 (internal citations omitted).

Here, the forum selection clause in the Loan Commitment is broadly worded; it covers the adjudication of *any* dispute between the parties, under *any* theory of law, "in connection with, out of, or otherwise relating to this Commitment." Loan Commitment at 14. Furthermore, all of Plaintiff's allegations grow out of the soured contractual relationship between Plaintiff and Defendants. "Regardless of the duty sought to be enforced in a particular cause of action, if the duty arises from the contract, the forum selection clause governs the action." Cfirstclass, 560 F.Supp.2d at 330. Here, Plaintiff's allegations as to each cause of action relate to the Loan Commitment, and resolution of any claim would require analysis of that agreement.[3] Thus, the parties are subject to the forum selection clause.

(4) *Plaintiff's Rebuttal of the Presumption of Enforceability*. Plaintiff argues that the forum selection clause should not be enforced because it alleges fraud in the inducement of the Loan Commitment. Pl. Opp. Br. 10. Unfortunately for Plaintiff, the law in this Circuit is clear that an allegation of fraud in the inducement of a contract is insufficient to invalidate a forum selection provision; rather, the party must show that the forum selection clause itself was a product of fraud. See, e.g., J.B. Harris, Inc. v. Razei Bar Indus Ltd., 1999 WL 319330 (2d Cir. 1999); Bluefire, 2009 WL 4907060 at *4. Plaintiff urges, alternatively, that the forum selection clause itself is the product of coercion, because in the absence of the clause, "the loan Plaintiff so desperately needed would not have been offered." Pl. Opp. Br. 9. This assertion does nothing to support Plaintiff's theory that the forum selection clause itself is a product of coercion; it merely serves to demonstrate that the forum selection clause was a bargained-for aspect of the Loan Commitment, which Plaintiff was willing to accept in order to secure a loan from Defendants.

---

[3] See Compl. ¶¶ 125, 126 (allegations as to the civil RICO cause of action); ¶¶ 134, 135 (allegations as to breach of contract); ¶ 141 (allegations as to breach of the covenant of good faith and fair dealing); ¶ 148 (allegations as to fraud); and ¶¶ 159, 161 (allegations as to unjust enrichment).

Based on the foregoing analysis, the Court finds that Plaintiff has failed to overcome the presumptive enforceability of the forum selection clause, which requires that litigation take place in the courts of New Jersey. Accordingly, this Court must dismiss this action for improper venue.

### III. CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss the Complaint is GRANTED. The Clerk of Court is directed to close this case and remove it from my docket.

**IT IS SO ORDERED.**
**New York, New York**
**June 29, 2010**

U.S.D.J.